**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE VIERA PEREZ[1] (A No. 220-742-144), | Case No. 1:26-cv-03304-JLT-EPG |
| Petitioner, | |
| v. | ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; GRANTING THE MOTION FOR CLERICAL CORRECTION; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | |
| Respondents. | |
| | (Docs. 1, 2, 6) |

## I.    INTRODUCTION

Before the Court is Jose Viera Perez's request for a temporary restraining order ("TRO") (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (*See* Doc. 7.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[2]

---

[1]  Petitioner filed a Motion to Correct Clerical Error indicating that his correct legal name is Jose Viera Perez, not Jorge Viera Perez as it appears in his previous court filings. (Doc. 6 at 1.) As such, the Court **GRANTS** Petitioner's request to correct his name in the above-captioned case.

[2]  When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 6–9.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.   BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on or around January 26, 2022, presented himself to immigration officials to request asylum, and was released on his own recognizance.[3] (Doc. 1 at 11; *see also* Doc. 7 at 6.) Petitioner indicates that he has a pending

---

position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 5.) Respondents do not request a hearing or further briefing and request this Court "deny the petition for writ of habeas corpus," (Doc. 7 at 1–2). Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

[3] Though the I-213 provided by the government indicates that Petitioner entered the United States on around January 19, 2022, at a place "not designated as a Port of Entry" and that he was "not admitted or paroled," the form nonetheless indicates that Petitioner was "inspect[ed] by an Immigration Officer" at that time. (Doc. 7 at 6.) Additionally, Respondents do not contest Petitioner's allegation that he was released on his own recognizance. (Doc. 7 at 1–2.) As such, the Court finds that Petitioner was

application for asylum and adjustment of status under the Cuban Adjustment Act. (Doc. 1 at 11.) Petitioner filed his Form I-589 Application for Asylum on April 6, 2022, and his Form I-485 Application for Adjustment of Status on March 14, 2023. (*See* Doc. 1 at 37–38.) Respondents suggest that Petitioner's immigration case may have been dismissed by an immigration judge on June 21, 2023. (Doc. 7 at 6, 9.) The attached order indicates that an immigration judge granted the government's motion to dismiss Petitioner's pending application for asylum and adjustment of status without prejudice as unopposed. (*Id*. at 9.) In any event, Petitioner is not subject to a final order of removal.[4] On April 3, 2026, Petitioner was stopped by local police for a traffic violation while driving for work and transferred to Immigration and Customs Enforcement. (Doc. 1 at 12; Doc. 7 at 6.) Petitioner indicates that he has no criminal record. (Doc. 1 at 12.) Respondents do not offer evidence or argument to the contrary. (*See* Doc. 7 at 1–2, 7.) There is also no indication in the record that Petitioner poses a flight risk or danger to the community. (*See* Docs. 1, 2, 7.) To the contrary, Petitioner asserts that he is "anchor[ed] to this country" as he has an infant U.S. citizen child, owns a home, has a stable job, and has a pending immigration case. (Doc. 1 at 2, 4–6, 11–12.) Petitioner is currently detained at California City Detention Center. (Doc. 1 at 2.)

## IV.    DISCUSSION

The government filed an opposition to the petition and motion for TRO, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025

---

encountered by immigration officials at the time of entry.

[4] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's docket was opened April 30, 2026, and that the case is pending with an upcoming court hearing scheduled for May 12, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 8, 2026).

WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1.    The petition for writ of habeas corpus, (Doc. 1), is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2.    The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3.    The motion to correct clerical error (Doc. 6) reflecting Petitioner's correct legal name is **GRANTED**.

3.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[5];

3.    The Clerk of Court is directed to serve the California City Immigration Processing Center in California with a copy of this Order.

///

///

///

---

[5] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

4.      The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **May 8, 2026**

UNITED STATES DISTRICT JUDGE